

Attorneys at Law

Jeffrey H. Ruzal
t 212.351.3762
f 212.878.8600
JRuzal@ebglaw.com

June 24, 2022

**VIA ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Katerina Georgiou v. Harmon Stores, Inc.*
                2:22-cv-02861-BMC

Dear Judge Cogan:

      Epstein Becker & Green, P.C. represents Defendant Harmon Stores, Inc. ("Harmon") in this matter. Pursuant to the Court's May 17, 2022 Scheduling Order (Doc. 5), Plaintiff Katerina Georgiou ("Georgiou") and Harmon submit the following joint letter prior to the initial status conference scheduled for June 29, 2022.

## I.    BRIEF DESCRIPTION OF THE CASE

###    A.    Georgiou's Claims

      Harmon operates a chain of retail stores in New York. In 2002, Harmon was acquired by Bed Bath & Beyond, Inc. When it acquired Harmon, Bed Bath & Beyond was aware of the statutory requirement to pay its manual works in the State of New York on a weekly basis and no later than 7 days after the end of the workweek in which such wages were earned pursuant to NYLL § 191. Bed Bath & Beyond was also aware in 2002 that employees who primarily handle stock and merchandise are "manual workers." More specifically, in 1998 Bed Bath & Beyond wrote to the New York Commissioner of Labor seeking an exemption from the weekly pay provisions of NYLL § 191 for "stock/merchandise handlers" employed in the State of New York. Although Bed Bath & Beyond applied for an exemption from the weekly pay provisions of NYLL § 191 in 2018, that application did not include Harmon employees.

      Plaintiff and other employees who primarily handled stock and merchandise ("stock/merchandise handlers") were not paid wages on time, and Harmon knowingly paid these workers on a perpetual delay from 2002 until 2020.

Plaintiff seeks liquidated damages equal to the wages that were not timely paid, attorneys' fees, and costs. There is abundant caselaw that:

1. Late payment of wages is a concrete harm. Temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing;
2. There is a private right of action for the late payment of wages;
3. There are no meaningful differences between the NYLL and the FLSA, and both are designed to compensate (not punish) the party harmed. Accordingly, liquidated damages are available as a remedy to workers complaining of untimely payment of wages under both the FLSA and the NYLL.

Arguments regarding whether the proposed class is a failsafe class are premature, and of course may be raised by the Defendant in opposition to the motion for class certification. However, simply because a worker is a "manual worker" does not entitle the worker to compensation. In order to prevail on a claim for untimely payment under NYLL § 191, the manual worker must prove that wages were not paid in a timely fashion. And even if the delay is proven, an the manual worker is not entitled to compensatory damages for the delay if the employer proves a good faith basis to believe that it was in compliance with the law.

Plaintiff will show that store employees who spent more than 25% of their time handling stock/merchandise (described by Defendant's parent corporation to the NYS DOL as "stock/merchandise handlers") were "manual workers." Plaintiff expects that class-wide proof, including job descriptions and testimony, will be more than sufficient to determine the employees that belong in the class.

**B.     Harmon's Defenses**

Harmon denies Georgiou's claims and currently intends to assert the following defenses:

1.      Subject to the facts Harmon learns in discovery, and based on the facts known to Harmon at this time, Harmon intends to argue that Georgiou was not a "manual worker" under NYLL § 191. Therefore, Harmon was not required to pay Georgiou's wages on a weekly basis.

2.      Georgiou has not sufficiently pleaded that she has Article III standing because she has alleged only a bare statutory violation, not a plausible injury-in-fact. Georgiou's allegation that she was "temporarily deprived of money owed to her" does not explain how such an alleged deprivation caused her to suffer any concrete harm and therefore is insufficient to confer Article III standing.

3.      Georgiou brings her claim for late-paid wages under NYLL § 191 pursuant to the private right of action provided in NYLL § 198(1-a). But NYLL § 198(1-a) allows an aggreived employee to bring suit only to recover an "underpayment" of wages, not a mere late payment of wages. Because Harmon paid Georgiou all of the wages she was due, she cannot show an "underpayment" of wages. As a result, she does not have a private right of action to enforce NYLL § 191's pay-frequency provisions.

4.  The liquidated damages Georgiou seeks under NYLL § 198(1-a) for an alleged violation of § 191 (i.e., 100% of the amount of her allegedly untimely wage payments) are barred by the Fourteenth Amendment's Due Process Clause. They are punitive in nature and disproportionate to any (unalleged) harm Georgiou may have suffered from an alleged one-week delay in payment of her wages.

Additionally, Harmon intends to argue this case is not suitable for class treatment. Georgiou has defined the proposed class in such a way that Harmon would be bound by an adverse judgment if the workers are found to have been manual workers, but, if not, then no class would exist by definition. Such "fail-safe" classes do not meet Rule 23's implied ascertainability requirement, and courts refuse to certify them on this basis. Further, whether the class members are manual workers and have Article III standing will require individualized inquiries not suitable for class treatment in light of Rule 23's commonality, typicality, and predominance requirements.

Finally, in November 2020, Harmon began paying employees who work in its New York retail locations on a weekly basis. Thus, if the Court certifies a class, Harmon will argue that any claim based on a wage payment made after November 2020 fails as a matter of law.

    **C.**     **Jurisdiction and Venue**

Plaintiff maintains that the Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(d), pursuant to the Class Action Fairness Act ("CAFA"). Plaintiff alleges that there are at least 100 members in the proposed class, that at least one member of the class is a citizen of a state different from Harmon, and that the total claims of individual members of the proposed class exceeds $5,000,000 in the aggregate, exclusive of interests and costs. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which Georgiou alleges a substantial part of the events or ommissions giving rise to the claim occurred.

**II.**     **CONTEMPLATED MOTIONS**

    **A.**     **Georgiou**

Plaintiff anticipates that the following motions will be necessary: Motion for Class Certification; Motin for Summary Judgment.

    **B.**     **Harmon**

Harmon intends to file a motion to dismiss Georgiou's claim because she has not plausibly alleged facts showing that she has standing under Article III, NYLL § 198(1-a) does not provide her with a private right of action to enforce NYLL § 191's pay-frequency requirements, and the liquidated damages she seeks violate due process. Additionally, if the case proceeds past the pleadings stage, Harmon anticipates filing a motion for summary judgment on the question whether Plaintiff was a manual worker under NYLL § 191 during her employment with Harmon, depending on the evidence obtained during discovery.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*/s/Steven John Moser*
Steven John Moser
Moser Law Firm, P.C.
5 East Main Street
Huntington, New York 11743
(631) 824-0200
steven.moser@moserlawfirm.com

*Attorney for Plaintiff,*
*Katerina Georgiou*


/s/Jeffrey H. Ruzal
Jeffrey H. Ruzal
Francesco A. DeLuca
Epstein Becker & Green, P.C.
875 Third Avenue
New York, New York 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
jruzal@ebglaw.com
fdeluca@ebglaw.com

*Attorneys for Defendant,*
*Harmon Stores, Inc.*

cc: all counsel of record (via ECF)