UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KATERINA GEORGIOU, and all others
similarly situated,

                                    Plaintiffs,

            - against -

HARMON STORES, INC.

                                    Defendants.

---

Case No. 2:22-cv-02861-BMC

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Steven John Moser, Esq.
**MOSER LAW FIRM, P.C.**
5 East Main Street
Huntington, NY 11743
steven.moser@moserlawfirm.com
631.824.0200

Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
**LEEDS BROWN LAW, P.C.**
1 Old Country Road, Suite 347
Carle Place, New York 11514
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com
516.873.9550

*Attorneys for Plaintiff and Putative Class*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .......................................................................................1

ARGUMENT ............................................................................................................2

**I. A Motion To Dismiss A Wage Claim Must Be Denied Unless The Complaint Fails To State A Possibility Of A Claim** ..................................................2
   a. Reasonable Inferences of Injury from Pleaded Facts Are Adequate Bases to Deny a Motion under FRCP 12(b)(1) ...............................2
   b. "Bare-Bones Notice Pleading" Is Sufficient for Denial of a Motion to Dismiss Under FRCP 12(b)(6) ...............................................3

**II. There Are Both Express And Implied Private Rights Of Action Or Violation Of NYLL § 191(1)(A) For Which NYLL § 198 Provides A Remedy** ..........................3
   a. The Highest New York State Court to Consider the Precise Issues has Expressly Held That Plaintiffs' Claims are Valid ...........................5
   b. Courts Within the Second Circuit and State Courts are in Accord With *Vega* ........9
   c. *Chevron* or *Skidmore* Deference Would Be Improper ...........................11

**III. Plaintiffs Have Article III Standing Under *TransUnion LLC* and *Atlantic Mutual Insurance Co.*** .....................................................................12
   a. Legislatures May Transform Previously Harmless Behavior Into Statutory Violations that Give Rise to Standing ........................................12
   b. Plaintiff was Not Required to Plead Specific Facts as to Her Spending, Bills, Obligations, Late Fees, Overdrafts, or Investments ............................16
   c. The Court May Take Judicial Notice that Being Paid a Week Late Causes Monetary and Intangible Injuries in the Ordinary Course ...................17
   d. Mootness Case Law Squarely Rejects Harmon's Claim That an Employee Who is Paid Late Does Not Suffer an Article III injury ........................18

**IV. Imposing Liquidated Damages For Failing To Pay Timely Wages Does Not Violate Due Process** ...................................................................19
   a. Statutory and Liquidated Damages do Not Violate Due Process, as the Second Circuit has Held ...................................................19
   b. The Supreme Court has Upheld Statutory Penalties Imposed Under Prior Iterations of NYLL § 191 Which Were More Than 100% of the Wages Delayed ......................................................22
   c. New York May Authorize Liquidated Damages in the Amount of Wages Delayed .......................................................................23
   d. Harmon's Argument Regarding Penalties to be Imposed are Premature .............24

CONCLUSION .......................................................................................................25

**<u>TABLE OF AUTHORITIES</u>**

**Supreme Court Opinions**

*Atl. Mut. Ins. Co. v. Comm'r*,
  523 U.S. 382, 118 S. Ct. 1413, 140 L. Ed. 2d 542 (1998) .................................................... 14

*Bostock v. Clayton County, Georgia*,
  140 S. Ct. 1731 (2020) ............................................................................................................. 5

*Brooklyn Sav. Bank v O'Neil*,
  324 U.S. 697, 65 S. Ct. 895, 89 L. Ed. 1296 [1945] ................................................................ 7

*Erie R. Co. v. Williams*,
  233 U.S. 685, 34 S. Ct. 761 (1914) ................................................................................... 22, 23

*Lochner v. New York*,
  198 U.S. 45 (1905) ................................................................................................................. 23

*Missouri P.R. Co. v. Tucker*,
  230 U.S. 340, 33 S. Ct. 961 (1913) .................................................................................. 20, 21

*Nat'l Org. for Women v. Scheidler*,
  510 U.S. 249 (1994) .................................................................................................................. 2

*Nebbia v. New York*,
  291 U.S. 502 (1934) ............................................................................................................... 23

*Overnight Motor Transp. Co. v. Missel*,
  316 U.S. 572, 62 S. Ct. 1216 (1942) ..................................................................................... 23

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393, 130 S. Ct. 1431 (2010) ................................................................................... 24

*St. Louis, I.M. & S.R. Co. v. Williams*,
  251 U.S. 63 (1919) ................................................................................................................. 19

*Sw. Tel. & Tel. Co. v. Danaher*,
  238 U.S. 482 (1915) ............................................................................................................... 19

*TransUnion LLC v. Ramirez*
  141 S. Ct. 2190 (2021) ..................................................................................................... passim

**Second Circuit Court of Appeals and District Court Opinions**

*Amadei v. Nielsen*,
  348 F. Supp. 3d 145 (E.D.N.Y. 2018) .................................................................................... 14

*Ayres v. 127 Rest. Corp.*,
  12 F. Supp. 2d 305 (S.D.N.Y. 1998) ..................................................................................... 24

*Barker v. Rokosz*,
   No. 19-CV-0514(KAM), 2021 U.S. Dist. LEXIS 51702 (E.D.N.Y. Mar. 18, 2021) .............. 3

*Beh v. Cmty. Care Companions*
   Inc., No. 19-CV-1417, 2021 U.S. Dist. LEXIS 197316 (W.D.N.Y. Feb. 1, 2021) ........... 4, 10

*Boykin v. KeyCorp*,
   521 F. 3d 202 (2d Cir. 2008) ................................................................................. 16

*Brown & Williamson Tobacco Corp. v. Engman*,
   527 F.2d 1115 (2d Cir. 1975) ................................................................................. 20

*Carrera v. DT Hosp. Grp.*,
   No. 19-cv-4235(RA), 2021 WL 6298656 (S.D.N.Y. Nov. 1, 2021) ....................................... 4

*Carter v. HealthPort Techs., L.L.C.*,
   822 F.3d 47 (2d Cir. 2016) ................................................................................. 14

*Carver v. City of N.Y.*,
   621 F.3d 221 (2d Cir. 2010) ................................................................................. 13

*Caul v. Petco Animal Supplies, Inc.*,
   2021 U.S. Dist. LEXIS 184652 (E.D.N.Y. Sept. 27, 2021) .......................................... passim

*City of New York v. Smokes-Spirits.com, Inc.*,
   541 F.3d 425 (2d Cir. 2008) ................................................................................. 18

*Copeland v. Vance*,
   893 F. 3d 101 (2d Cir. 2018) ................................................................................. 5

*De La Mota v. US Dept. of Educ.*,
   412 F.3d 71 (2d Cir. 2005) ................................................................................. 12

*Duverny v. Hercules Med. P.C.*,
   No. 18-cv-7652(DLC), 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020) ................................ 4, 10

*Elhassa v. Hallmark Aviation Servs., L.P.*,
   2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) ........................................................... 10

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*,
   807 F.2d 1110 (2d Cir. 1986) ................................................................................. 20

*Getaped.com, Inc. v. Cangemi*,
   188 F. Supp. 2d 398 (S.D.N.Y. 2002) .................................................................... 20

*Grand River Enters. Six Nations v. Boughton*,
   988 F.3d 114 (2d Cir. 2021) ................................................................................. 2

*Harty v. West Point Realty, Inc.*
   28 F.4th 435 (2d Cir. 2022) ................................................................................. 16

*In re HSBC Bank, USA, NA, Debit Card Overdraft Fee Litig.*,
   1 F. Supp. 3d 34 (E.D.N.Y. 2014) ....................................................... 18

*In re MTBE Products Liability Litig.*,
   725 F. 3d 65, (2d Cir. 2013) ................................................................ 3

*John v. Whole Foods Mkt. Grp., Inc.*,
   858 F.3d 732 (2d Cir. 2017) ............................................................ 2, 3

*John Wiley & Sons, Inc. v. Book Dog Books, L.L.C.*,
   327 F. Supp. 3d 606 (S.D.N.Y. 2018) ........................................... 20, 21

*Katz v Equinox Holdings, Inc.*,
   No. 20-CV-9856 (VEC), 2022 US Dist. LEXIS 78299 (S.D.N.Y. Apr. 29, 2022), .............. 11

*Leyse v. Lifetime Entmt. Servs., LLC*,
   171 F. Supp. 3d 153 (S.D.N.Y. 2016), aff'd, 679 Fed. App'x 44, 48 (2d Cir. 2017) ....... 18-19

*Litwin v. Blackstone Grp., L.P.*,
   634 F.3d 706 (2d Cir. 2011) ................................................................ 3

*Liu v. Chen*,
   No. 18-cv-5044(KAM)(SJB), 2022 U.S. Dist. LEXIS 130553 (E.D.N.Y. July 22, 2022) .. 4, 5

*Lowell v. Lyft, Inc.*,
   352 F Supp. 3d 248 (S.D.N.Y, 2018) .................................................... 2

*Mabe v. Wal-Mart Assocs. Inc.*,
   No. 20-CV-00591, 2021 U.S. Dist. LEXIS 50954 (N.D.N.Y. Mar. 18, 2021) .................. 4, 10

*Maddox v. Bank of N.Y. Mellon Tr. Co.*,
   N.A., 19 F.4th 58 (2d Cir. 2021) ........................................................ 15

*Manning v. Util. Mut. Ins. Co.*,
   254 F.3d 387 (2d Cir. 2001) ................................................................ 9

*Marvin Williams v. Miracle Mile Properties 2 LLC*,
   No. 20-CV-3127, 2022 U.S. Dist. LEXIS 19826, 2022 WL 1003854 .............................. 4, 11

*MS v. Rye Neck Union Free Sch. Dist.*,
   No. 18-cv-8283 (NSR), 2019 U.S. Dist. LEXIS 79377 (S.D.N.Y. May 10, 2019) .............. 13

*Otoe-Missouria Tribe v. N.Y. State Dep't of Fin. Servs.*,
   974 F. Supp. 2d 353 (S.D.N.Y. 2013), ................................................ 17

*Pelman ex rel. Pelman v. McDonald's Corp.*,
   396 F.3d 508 (2d Cir. 2005) ................................................................ 3

*Perez-White v. Advanced Dermatology of New York, Inc.*,
   No. 15 Civ. 4858 (PGG), 2016 WL 4681221 (S.D.N.Y. Sept. 6, 2016) ................................ 19

*Polanco v. NCO Portfolio Mgmt.*,
132 F. Supp. 3d 567 (S.D.N.Y. 2015) .................................................................. 15

*Porsch v. LLR, Inc.*,
380 F. Supp. 3d 418 (S.D.N.Y. 2019) ............................................................ 14, 17

*Pottinger v. Reno*,
51 F. Supp. 2d 349 (E.D.N.Y. 1999) .................................................................. 12

*Rana v Islam*,
887 F3d 118 (2d Cir 2018) ................................................................... 7, 15, 23

*Rodrigue v. Lowe's Home Ctrs., LLC*,
No. 20-CV-1127 (RPK) (RLM), 2021 U.S. Dist. LEXIS 162849
(E.D.N.Y. Aug. 27, 2021) ................................................................. 4, 10, 25

*Scott v. Whole Foods Mkt. Grp.*,
Inc., No. 18-cv-86(SJF), 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y. Feb. 5, 2020) ......... passim

*Sorto v. Diversified Maint. Sys.*,
LLC, No. 20-CV-1302, 2020 U.S. Dist. LEXIS 242856 (E.D.N.Y. Dec. 28, 2020) ......... 4, 11

*Torretto v. Donnelly Fin. Solutions, Inc.*,
523 F. Supp. 3d 464 (S.D.N.Y. 2021) .................................................................. 2

*Yun Hong Hua v. Eight Star, Inc.*,
No. 15 Civ. 0275 (BMC), 2015 U.S. Dist. LEXIS 64062 (E.D.N.Y. May 14, 2015) ........... 23

**Other Federal Court Opinions**

*Capitol Records Inc. v. Thomas-Rasset*,
692 F.3d 899 (8th Cir., 2012) .................................................................. 21

*City of Oakland v. Wells Fargo & Co.*,
972 F. 3d 1112 (9th Cir. 2020) .................................................................. 3

*Dieffenbach v. Barnes & Noble, Inc.*,
887 F.3d 826 (7th Cir. 2018) .............................................................. 15, 16-17

*GE v. Jackson*,
595 F. Supp. 2d 8 (D.D.C. 2009) .................................................................. 24

*Golan v. FreeEats.com, Inc.*,
930 F.3d 950 (8th Cir. 2019) .................................................................. 21

*Golan v. Veritas Entm't, LLC*,
788 F.3d 814 (8th Cir. 2015) .................................................................. 19

*Habitat Educ. Ctr. v. U.S. Forest Serv.*,
607 F.3d 453 (7th Cir. 2010) .................................................................. 14

*Martin v. United States*,
  117 Fed. Cl. 611 (2014) ............................................................................ 23

*Monahan v. Smyth Auto., Inc.*,
  No. 1:10-CV-00048, 2011 U.S. Dist. LEXIS 9877 (S.D. Ohio Feb. 2, 2011) ...................... 24

*Sony BMG Music Music Entm't v. Tenenbaum*,
  719 F.3d 67 (1st Cir. 2013) ........................................................................ 21

*Stephens v. U.S. Airway Group*,
  644 F.3d 437 (D.C. Cir. 2011) ...................................................................... 17

*Van v. LLR, Inc.*,
  962 F.3d 1160 (9th Cir. 2020) ...................................................................... 15

*Zomba Enters. v. Panorama Records, Inc.*,
  491 F.3d 574 (6th Cir. 2007) ..................................................................... 20, 21

**New York State Cases**

2021 WL 6298654 (Dec. 7, 2021) ..................................................................... 4

*Gottlieb v. Kenneth D. Laub & Co.*,
  82 N.Y.2d 457, 605 N.Y.S.2d 213 (1993) ........................................................ 6-7, 7

*Hart v Hart*,
  227 AD 2d 698, 641 N.Y.S.2d 459 (3d Dep't 1996) .................................................. 18

*Hunter v. Planned Bldg. Servs., Inc.*,
  Index No. 715053/2017, 2018 WL 3392476 (Sup. Ct. Queens Cty., June 11, 2018) .............. 5

*Kreitzer v. N.Y. City Dep't of Buildings*,
  806 N.Y.S.2d 532 (1st Dep't 2005) ................................................................. 12

*Kruty v. Max Finkelstein, Inc.*,
  151 N.Y.S.3d 799 (Appellate Term, 2d Dep't 2021) ............................................... 5, 11

*Kruty v. Max Finkelstein, Inc.*,
  2019 N.Y. Slip Op. 52021(U), 119 N.Y.S.3d 831 (2019) .............................................. 4

*Marinelli v RPZL, LLC*,
  2020 NY Slip Op 33185[U]*4 (Sup Ct NY Cty. 2020) ................................................ 11

*Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl.
Conservation*,
  18 N.Y.3d 289, 938 N.Y.S.2d 266 (2011) ............................................................ 12

*N.Y.C. & H.R.R. Co. v. Williams*,
  199 N.Y. 108, 92 N.E. 404 (1910) ................................................................... 22

*Pachter v Bernard Hodes Group, Inc.*,
    10 NY3d 609, 891 N.E.2d 279, 861 N.Y.S.2d 246 [2008] ..................................... [6](#)

*Phillips v. Max Finkelstein, Inc.*,
    115 N.Y.S.3d 866 (Sup. Ct. Suffolk Cty., Dec. 12, 2019) ..................................... [4](#)

*Phillips v. Max Finkelstein, Inc.*,
    153 N.Y.S.3d 750 (Appellate Term, 2d Dep't, 2021) ..................................... passim

*Riverkeeper, Inc. v. Seggos*,
    60 Misc. 3d 462 (Sup. Ct. Albany Cty., April 23, 2018) ..................................... [12](#)

*Rochester Gas & Elec. Corp. v. Pub. Serv. Com.*,
    71 N.Y.2d 313, 525 N.Y.S.2d 809, 520 N.E.2d 528 (1988) ..................................... [23](#)

*Rojas v. Hi-tech Metals, Inc.*,
    2019 WL 4570161 (Sup. Ct. Queens Cty., Sept. 11, 2019) ..................................... [11](#)

*Vega v. CM & Assoc. Constr. Mgmt., LLC*,
    175 A.D.3d 1144 (1st Dep't 2019) ..................................... passim

*Weber v PX, Inc.*,
    2021 NY Slip Op 32175[U]*6-7 (Sup Ct Kings Cty. 2021) (Sup Ct Kings Cty. 2021) ........ [11](#)

*Weinberg v. Hertz Corp.*,
    116 AD 2d 1 (1st Dep't 1986)..................................... [9](#)

*Young v. Toia*,
    66 AD 2d 377 (4th Dep't 1979) ..................................... [9](#)

**Statutes**

Labor Law § 198 ..................................... passim

Labor Law §§ 191 ..................................... passim

Labor Law § 218 ..................................... [11](#), [12](#), [24](#)

Fed. Rule Civ. Pro. 8(a) ..................................... [3](#), [16](#)

Fed. Rule Civ. Pro.9(b) ..................................... [16](#)

Fed. Rule Civ. Pro.12(b)(1) ..................................... [2](#), [3](#)

Fed. Rule Civ. Pro.12(b)(6) ..................................... [3](#)

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff Katerina Georgiou ("Katerina") and other similarly situated workers ("Plaintiffs") performed work on behalf of Defendant Harmon Stores, Inc., and were not paid what is required under New York state law. The well-pleaded complaint alleges that for dozens of statutory pay periods, Plaintiffs failed to receive their weekly compensation on time and as required under New York Labor Law ("NYLL") § 191. Defendant effectively concedes it violated the face of NYLL § 191 when it paid its workers like Plaintiffs on a biweekly basis, but then argues that this does not matter because Plaintiffs were eventually paid. In moving to dismiss, Defendant makes three primary – and flawed – arguments: (1) Plaintiffs lack standing to pursue a violation of NYLL § 191 and pursue statutory remedies under § 198, even when Defendant concedes it violated the statute and its obligation to pay wages weekly; (2) NYLL § 191 does not create a private right of action even when controlling case law and courts in this jurisdiction have since held otherwise; and (3) NYLL § 198 violates Defendant's constitutional right to withhold timely wage payments and violate statutory law.

These arguments are substantially flawed – and would be a substantial deviation from the existing case law that has aligned with the holding of *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019). Defendant has violated the NYLL on its face by failing to pay all earned wages in a timely fashion – as that is defined by the statute – and Plaintiffs are entitled to the "remedies" under the NYLL. Katerina and other similarly-situated workers have a real case or controversy with Defendant concerning the time value of their money, their intangible harms, and harm to the public policies of the State of New York. They have an express private right of action under a statute that closely follows other wage-related statutes. A private action has also been properly implied by controlling intermediate New York appellate case law, which a federal

district court should not disregard. Therefore, Defendant's motion should be denied. However, if the Court accepts any defense argument, any dismissal should be without prejudice to allow Plaintiffs to amend to conform with the Court's ruling.

## **ARGUMENT**

I.    **A MOTION TO DISMISS A WAGE CLAIM MUST BE DENIED UNLESS THE COMPLAINT FAILS TO STATE A POSSIBILITY OF A CLAIM**

### A. **Reasonable Inferences of Injury from Pleaded Facts Are Adequate Bases to Deny a Motion under FRCP 12(b)(1)**

On a Rule 12(b)(1) motion, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] presume that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler,* 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 561 (1992)). The court must draw all "reasonable inferences in favor of the plaintiff." *Torretto v. Donnelly Fin. Solutions, Inc*., 523 F. Supp. 3d 464, 475 (S.D.N.Y. 2021) (quoting *Lujan*, 504 U.S. at 471), and "construe the complaint in favor of the complaining party." *Lowell v. Lyft, Inc.,* 352 F Supp. 3d 248, 255-56 (S.D.N.Y, 2018).

When "a plaintiff is himself an object of the action (or foregone action) at issue ... there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it." *Grand River Enters. Six Nations v. Boughton*, 988 F.3d 114, 121 (2d Cir. 2021) (quoting *Lujan*, 504 U.S. at 61-62). The Rule 12(b)(1) burden on a plaintiff is therefore "relatively modest." *Torretto,* 523 F. Supp. 3d at 472 (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 92 (2d Cir. 2013)); *John v. Whole Foods Mkt. Grp., Inc.,* 858 F.3d 732, 736 (2d Cir. 2017) (describing the standard as a "low threshold").

Merits questions must not be mixed into standing issues. *See Toretto*, 523 F. Supp. 3d at 475. As the Second Circuit has explained, whether a plaintiff may be unable to establish the

elements of a claim or the validity of his or her damages model on summary judgment or at trial is not the question on a Rule 12(b)(1) motion. *See John*, 858 F.3d at 737-38 (requiring the complaint allege only that he or she bought the products sometimes and they were often mispriced, not prove in the complaint that a specific product was mispriced on the occasion purchased); *In re MTBE Products Liability Litig.*, 725 F. 3d 65, 80, 106, 108, (2d Cir. 2013) (triable issue of fact whether the plaintiff was injured as a result of exposure to pollutant).

For these reasons, Plaintiffs did not need to plead specific sums or special damages.

**B. "Bare-Bones Notice Pleading" Is Sufficient for Denial of a Motion to Dismiss Under FRCP 12(b)(6)**

Rule 12(b)(6) requires that a plaintiff alleging a New York statutory claim "need only meet the bare-bones notice-pleading requirements of Rule 8(a)." *Pelman ex rel. Pelman v. McDonald's Corp.,* 396 F.3d 508, 511 (2d Cir. 2005); *Barker v. Rokosz*, No. 19-CV-0514(KAM), 2021 U.S. Dist. LEXIS 51702 (E.D.N.Y. Mar. 18, 2021). In deciding Rule 12(b)(6) motions, courts should regard the factual allegations in the complaint as being true and "draw[] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.,* 634 F.3d 706, 715 (2d Cir. 2011). Moreover, "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-cv-86(SJF), 2019 U.S. Dist. LEXIS 61726, at *4 (E.D.N.Y. Apr. 9, 2019). Thus, allegations may still be plausible even if they are not deemed to be probably true, and even if they will fail "at summary judgment or trial." *City of Oakland v. Wells Fargo & Co.,* 972 F. 3d 1112, 1130 (9th Cir. 2020).

**II. THERE ARE BOTH EXPRESS AND IMPLIED PRIVATE RIGHTS OF ACTION FOR VIOLATION OF NYLL § 191(1)(A) FOR WHICH NYLL § 198 PROVIDES A REMEDY**

Harmon argues that there is no private right of action for violation of NYLL § 191(1)(a). As discussed below, the highest New York State Court to consider the exact issue at hand, the Appellate Division First Department, unequivocally held that there is a private right of action for violation of NYLL § 191(1)(a), the remedies for which are provided by NYLL § 198. *Vega v. CM & Assoc. Constr. Mgt., L.L.C., 10*7 N.Y.S.3d 286, 175 A.D.3d 1144 (1st Dep't 2019). Moreover, every Second Circuit case post *Vega* has agreed[1] and the Appellate Term, Second Department has reversed the two lower court decisions cited by Defendant. Thus, the only cases that support Harmon's position (*Kruty v. Max Finkelstein, Inc.*, 2019 N.Y. Slip Op. 52021(U), 119 N.Y.S.3d 831 (2019) (Sup. Ct. Suffolk Cty., Dec. 12, 2019) and *Phillips v. Max Finkelstein, Inc.*, 115 N.Y.S.3d 866, 866 (Sup. Ct. Suffolk Cty., Dec. 12, 2019)), were overturned on appeal as a result of *Vega. See Phillips v. Max Finkelstein, Inc.,* 153 N.Y.S.3d 750 (Appellate Term, 2d Dep't, 2021) ("As this court is bound by principles of stare decisis to follow precedent set by the Appellate Division of another department …. The decision of the Appellate Division, First Department in [*Vega*] is controlling on the issue of whether plaintiff stated a cause of action for damages, pursuant

---

[1] These cases include, for example, *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-cv-86(SJF), 2020 WL 9814095 (E.D.N.Y. Feb. 5, 2020); *Duverny v. Hercules Med. P.C.*, No. 18-cv-7652(DLC), 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020); *Sorto v. Diversified Maint. Sys., LLC*, No. 20-CV-1302, 2020 U.S. Dist. LEXIS 242856, 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020); *Beh v. Cmty. Care Companions Inc.*, No. 19-CV-1417, 2021 U.S. Dist. LEXIS 197316, 2021 WL 3914297, at *2-3 (W.D.N.Y. Feb. 1, 2021), *report and recommendation adopted*, No. 19-CV-1417, 2021 U.S. Dist. LEXIS 130723, 2021 WL 3914320 (W.D.N.Y. June 23, 2021); *Mabe v. Wal-Mart Assocs., Inc.*, No. 20-CV-00591, 2021 U.S. Dist. LEXIS 50954, 2021 WL 1062566, at *5-*6 (N.D.N.Y. Mar. 18, 2021); *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534, 2021 U.S. Dist. LEXIS 184652, 2021 WL 4407856, at *3 (E.D.N.Y. Sept. 27, 2021); *Rodrigue v. Lowe's Home Ctrs.*, No. 20-cv-1127(RPK), 2021 WL 3848268 (E.D.N.Y. Aug. 27, 2021), *R. & R. adopted*, 2021 WL 6298654 (Dec. 7, 2021); *Carrera v. DT Hosp. Grp.*, No. 19-cv-4235(RA), 2021 WL 6298656 (S.D.N.Y. Nov. 1, 2021); *Marvin Williams v. Miracle Mile Properties 2 LLC*, No. 20-CV-3127, 2022 U.S. Dist. LEXIS 19826, 2022 WL 1003854, at *9 (E.D.N.Y. Feb. 1, 2022); *Liu v. Chen*, No. 18-cv-5044(KAM)(SJB), 2022 U.S. Dist. LEXIS 130553, at *14-15 (E.D.N.Y. July 22, 2022); *see infra* Section II(B).

to NYLL §§ 191(1)(a) and 198(1-a).");  *Kruty v. Max Finkelstein, Inc.*, 151 N.Y.S.3d 799 (Appellate Term, 2d Dep't 2021) (same). This would no doubt have occurred in *Hunter v. Planned Bldg. Servs., Inc.*, Index No. 715053/2017, 2018 WL 3392476, at *2–3 (Sup. Ct. Queens Cty., June 11, 2018), had it not been rendered in 2018. *See* Def.'s Mem. at 11. Therefore, Defendant cites to zero post-*Vega* decisions that withstand scrutiny.

### A. <u>The Highest New York State Court to Consider the Precise Issues has Expressly Held That Plaintiffs' Claims are Valid.</u>

Courts in this circuit are generally required to follow the New York intermediate appellate courts, the Appellate Division. *See Copeland v. Vance,* 893 F. 3d 101, 117 (2d Cir. 2018). Harmon argues that this Court should discard this rule and overturn a lawful statute adopted by the New York legislature and approved by its governor. *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1738 (2020); *see* Def.'s Mem. at 6, 10-11, 16. There is no basis for overruling the New York appellate courts, especially one endorsed by the Appellate Term and numerous district courts in this Circuit. *See Kruty*, 153 N.Y.S.3d at 750; *Liu v. Chan*, 2022 U.S. Dist. LEXIS 130553 (E.D.N.Y. July 22, 2022) ("At least seven courts in this Circuit [as of Jan.] 19, 2022 … have recognized that a private right of action exists for NYLL 191 claims…").

Thus, appellate courts of the State of New York have held that § 198 specifically authorizes untimely wage claims and remedies. *See Vega*, 107 N.Y.S.3d 286; *Phillips*, 153 N.Y.S.3d 750; *Kruty*, 153 N.Y.S.3d at 750. In both cases, employees doing manual work were not paid on a weekly basis, in violation of NYLL § 191(1)(a) and afforded remedies under § 198. *Vega*, 175 A.D.3d at 1144; *Phillips*, 73 Misc. 3d 1. Also, as here, the plaintiffs sought liquidated damages, interest, and attorneys' fees pursuant to NYLL § 198(1-a). *Vega*, 175 A.D.3d at 1144-45; *Phillips*, 73 Misc. 3d 1. These defendants moved to dismiss, arguing that NYLL § 198(1-a) does not provide a remedy for "late payment", but only for "non-payment." *Vega*, 175 A.D.3d at 1145. *Phillips* also

mentioned "partial payment." 73 Misc. 3d 1. The courts disagreed and held that failure to pay a

manual worker in a timely way is a violation of NYLL § 191(1)(a) which entitles said manual

worker to liquidated damages, attorneys' fees and interest pursuant to NYLL § 198(1-a). Harmon

fails at a critical juncture in its argument even to acknowledge that NYLL § 198 provides

"remedies" including a private right of action for employees to recover liquidated damages and

attorney's fees. Def.'s Mem. at 17.

Contrary to Harmon's interpretation, both *Vega* and *Phillips* found that the plain language

of the statute permits the recovery of damages for late payment of wages:

> The purpose of section 198(1-a) is 'enhancing enforcement of the
> Labor Law's substantive wage enforcement provisions' (*id.* at 463;
> *see generally Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609,
> 615, 891 N.E.2d 279, 861 N.Y.S.2d 246 [2008]), and <u>contrary to</u>
> <u>defendant's argument that § 198 provides remedies only in the event</u>
> <u>of nonpayment or partial payment of wages (but not in the event of</u>
> <u>late payment of wages), the plain language of the statute indicates</u>
> <u>that individuals may bring suit for any 'wage claim' against an</u>
> <u>employer. The remedies provided by section 198(1-a) apply to</u>
> <u>'violations of article 6</u>' (*Gottlieb*, 82 NY2d at 463), <u>and section</u>
> <u>191(1)(a) is a part of article 6</u>.

*Vega*, 175 A.D.3d at 1145 (underline added). The *Phillips* court relied upon *Vega* and upon the

structure of the NYLL to similarly hold:

> Although section 218 authorizes the Commissioner to impose civil
> penalties for violations of article six of the Labor Law, it does not
> preclude private causes of action. Moreover, Labor Law § 198,
> which authorizes the Commissioner to bring "any legal action
> necessary" on behalf of "any employee paid less than the wage to
> which he or she is entitled" (Labor Law § 198 [1-a]), also
> specifically authorizes wage claims by employees, and states that
> the <u>remedies provided by article 6 of the Labor Law "may be</u>
> <u>enforced simultaneously or consecutively so far as not inconsistent</u>
> <u>with each other"</u> (Labor Law § 198 [2])**.**

*Phillips,* 73 Misc. 3d 1.

The *Vega* Court relied on, *inter alia*, *Gottlieb v. Kenneth D. Laub & Co., 82* N.Y.2d 457,

605 N.Y.S.2d 213 (1993), where the Court of Appeals affirmed that remedies provided by NYLL § 198(1-a) apply to violations of the preceding sections of Article 6, which includes the timely pay provisions of NYLL § 191(1)(a). *Gottlieb*, 82 N.Y.2d at 463. *Vega* specifically addressed and rejected the argument that failing to pay weekly wages when they are due is not an "underpayment," or that the employer can pay after being served, holding that when an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." *Vega*, 175 A.D.3d at 1145 (emphasis added).

Although many statutes contain a "cure" provision, NYLL §§ 191 and 198(1-a) do not, *Vega* concluded:

> We reject defendant's implicit attempt to read into section 198(1-a) an ability to cure a violation and evade the statute by paying the wages that are due before the commencement of an action. The employer may assert an affirmative defense of payment if there are no wages for the 'employee to recover' (Labor Law § 198[1-a]). However, payment does not eviscerate the employee's statutory remedies.

*Vega*, 175 A.D.3d at 1145. The same rule applies under the FLSA:

> In interpreting the liquidated damages provisions of the Fair Labor Standards Act of 1938 (FLSA), the Supreme Court has held that, regardless of whether an employee has been paid wages owed before the commencement of the action, the statute provides a liquidated damages remedy for the 'failure to pay the statutory minimum on time,' in order to provide 'compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages' (*Brooklyn Sav. Bank v O'Neil*, 324 U.S. 697, 707, 65 S. Ct. 895, 89 L. Ed. 1296 [1945]). Labor Law § 198(1-a), although not identical to the FLSA liquidated damages provision (29 USC § 216[b]), has 'no meaningful differences, and both are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed' (*Rana v Islam*, 887 F3d 118, 123 [2d Cir 2018] [internal quotation marks omitted]). Accordingly, liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages.

*Vega*, 175 A.D.3d at 1145-46 (emphasis added).

In support of its determination that liquidated damages are available under NYLL § 198(1-a) for untimely payment of wages as well as nonpayment or partial payment of wages, the Appellate Division pointed out that the very purpose of § 198 is to compensate the employee for the loss of use of wages owed:

> The legislative history of the 1967 amendment to section 198 reflects that in addition to imposing 'stronger sanctions' to compel employer compliance, '[t]he imposition of liquidated damages will also compensate the employee for the <u>loss of the use of the money to which he was entitled</u>' (Governor's Approval Mem, Bill Jacket, L 1967, ch 310; 1967 NY Legis Ann at 271). The employee loses the use of money whether he or she is never paid, partially paid, or paid late.

*Vega*, 175 A.D.3d at 1146 n.2 (emphasis added). The legislative history, which Harmon invokes, therefore squarely supports Plaintiffs' position, not that of the delinquent-paying employers.[2] *See* Def.'s Mem. at 16.

*Vega* also recognized the implicit private rights of action for violation of NYLL § 191(1)(a). As Harmon concedes, implicit rights of action advance legislative intent and help vulnerable groups for whose benefit legislation is adopted. *See* Def.'s Mem. at 12. An implied private right of action for liquidated damages deters the tempting tactic of bolstering employer cash holdings and reportable cash flow by delaying wage payments to the prejudice of manual workers, and compensates workers for the loss of the time value of money. *See Vega*, 175 A.D.3d at 1146-47. The Commissioner of Labor may not sufficiently deter violations because he or she is not obligated to pursue violators. *See* NYLL § 196 (2) ("[n]othing in this section shall be construed

---

[2] Although going to the length of attaching excerpts of the 1897 NYLL and the 1890 NYLL, Harmon does not mention this critical discussion of the controlling 1966-1967 amendments from *Vega*. *See* Def.'s Mem. at 16-17.

as requiring the commissioner in every instance . . . to take assignments of wage claims."); *Scott*, 2019 U.S. Dist. LEXIS 61726. The private right of action in section 198(1-a) deters violations. *See Hua v. Eight Star, Inc.,* No. 15 Civ. 0275 (BMC), 2015 U.S. Dist. LEXIS 64062, at *7 (E.D.N.Y. May 14, 2015) (Cogan, J. ("The state rationale for liquidated damages is … a deterrent to strongly encourage employers from cutting corners on wages owed to their employees.").[3]

In *Vega,* the court pointed out that wages which are not paid when they are due are essentially "unpaid" (and the employee is therefore "underpaid") as of that date:

> The word underpayment is the noun for the verb underpay; underpay is defined as 'to pay less than what is normal or required' (Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]). The moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required.

*Vega*, 175 A.D.3d at 1145. As discussed below, the reasoning and holdings of *Vega* have now been repeatedly upheld by state trial, state appellate, and district courts across New York.

## B. Courts Within the Second Circuit and State Courts are in Accord With *Vega*

Since *Vega*, Courts sitting in this Circuit have regularly found that a private cause of action does exist under NYLL § 198 (1-a). *See Rodrigue v. Lowe's Home Centers, LLC*, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021) ("Since *Vega*, every court in this Circuit to consider that

---

[3] *Cf. Manning v. Util. Mut. Ins. Co.,* 254 F.3d 387, 387, 391-92 (2d Cir. 2001) (some health care laws "encourage compliance" by extending "a private cause of action and double damages against entities" in violation thereof); *Young v. Toia,* 66 AD 2d 377, 379 (4th Dep't 1979) (remedial amendments like those to civil rights laws shifting attorney's fees "encourage the private citizen to take action, as a 'private attorney general', to enforce civil rights laws … and the law should be construed to effectuate its purpose.") (citation omitted); *Weinberg v. Hertz Corp*., 116 AD 2d 1, 5 (1st Dep't 1986) ("The public benefit of the class action remedy is "inducing socially and ethically responsible behavior on the part of large and wealthy institutions which will be deterred from carrying out policies or engaging in activities harmful to large numbers of individuals…."); *id.* (such actions benefit "people who 'frequently are damaged in a small sum (often less than $100) since, realistically speaking, our legal system inhibits the bringing of suits based upon small claims'…. Indeed, the amount of the average claim for each member of the class is without real legal significance.")

decision appears to have followed its construction of the New York Labor Law … and defendants present no persuasive reason to do otherwise." ); *Quintanilla v. Kabco Pharm., Inc., et al.*, Case No. 2:19-cv-06752-PKC, ECF No. 18 (E.D.N.Y., June 30, 2020) (rejecting argument that plaintiff did not have private right of action to pursue Section 191 claim "in light of the *Vega* decision"); *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534, 2021 U.S. Dist. LEXIS 184652 at *3 (E.D.N.Y. Sept. 27, 2021) ("Section 191 permits a manual worker to bring a civil action for delayed payment of wages—even if the wages have subsequently been paid."); *Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("The New York Appellate Division First Department has held that the New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages even if the wages are no longer past due[.]"); *Duverny v. Hercules Medical P.C.*, 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020) ("[a] plaintiff's entitlement to statutory damages pursuant to § 198(1-a) survives even if the employer pays the employee's base wages prior to the commencement of a civil action"); *Mabe v. Wal-Mart Assocs.*, No. 1:20-cv-00591 (TJM), 2021 WL 1062566, at *4 (N.D.N.Y. Mar. 18, 2021) (holding that plaintiff had a private right of action because "the First Department's decision in *Vega* is directly on point"), *subsequent proceedings at*, 2022 WL 874311, at *8 (N.D.N.Y. Mar. 24, 2022) ("[T]he Court is not convinced that the New York Court of Appeals would reach conclusions different than those expressed in *Vega*. … the Court finds that under *Vega*, Plaintiff presents a legally plausible claim in the First Cause of Action."); *Beh v. Cmty. Care Companions Inc.*, No. 19-CV-1417, 2021 U.S. Dist. LEXIS 197316, at *2-3 (W.D.N.Y. Feb. 1, 2021), *report and recommendation adopted*, No. 19-CV-1417, 2021 U.S. Dist. LEXIS 130723 (W.D.N.Y. June 23, 2021); *Williams v. Miracle Mile Properties 2 LLC*, No. 20-CV-3127, 2022 U.S. Dist. LEXIS 19826 at *9 (E.D.N.Y. Feb. 1, 2022); *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-cv-86(SJF),

2020 WL 9814095 (E.D.N.Y. Feb. 5, 2020); *Sorto v. Diversified Maint. Sys., LLC*, No. 20-CV-1302, 2020 U.S. Dist. LEXIS 242856 (E.D.N.Y. Dec. 28, 2020); *see also Katz v Equinox Holdings, Inc.*, No. 20-CV-9856 (VEC), 2022 US Dist. LEXIS 78299, at *12 (S.D.N.Y. Apr. 29, 2022), (acknowledging federal courts have consistently held that there is a private right of action under § 191(1)(a) pursuant to *Vega*).

Courts within New York State have agreed, including the Second Department, Appellate Term. *See Phillips*, 73 Misc. 3d 1, 3 (agreeing with *Vega* "that a private right of action exists to enforce the rights established under section 198"); *Kruty*, 151 N.Y.S.3d at 799; *see also Rojas v. Hi-tech Metals, Inc.*, 2019 WL 4570161, at *4 (Sup. Ct. Queens Cty., Sept. 11, 2019) ("In light of the sentiments set forth in *Gottlieb* by the Court of Appeals and the holding in *Vega*[,] Defendant's motion to dismiss Plaintiff's NYLL §§ 191(1)(a) and 198 (1-a) claims is denied."); *Weber v PX, Inc.*, 2021 NY Slip Op 32175[U], *6-7 (Sup Ct Kings Cty. 2021); *Marinelli v RPZL, LLC*, 2020 NY Slip Op 33185[U], *4 (Sup Ct NY Cty. 2020).

Therefore, *Vega* is settled law.

### C. *Chevron* or *Skidmore* Deference Would Be Improper

Defendants argue that if the Court follows *Vega* and its progeny that § 191 is a private right of action, then the Court should reject § 198 as the proper statute for interpreting damages. *See* Def's Memo, pg. 14-15 (arguing that the Commission of Labor and the Industrial Board of Appeals "routinely interpret § 218, rather than § 198(1-a), as a remedy for violations of § 191's frequency of pay requirements…"). First, this does not align with the dozens of cases directly on point discussed above. Second, *Chevron* deference to an agency is inappropriate on statutory questions, however appropriate it may be for reviewing agency rulemakings. *See Pottinger v. Reno*, 51 F. Supp. 2d 349, 358 (E.D.N.Y. 1999). Although it seeks *Chevron* deference, Harmon merely cites

case law indicating that courts should defer to an agency's interpretation of its own *regulations*, not a statute. *See* Def.'s Mem. at 15. To the extent it seeks a lesser sort of deference, known as *Skidmore* deference, this would be inappropriate here because the Commissioner of Labor and the BIA have not adopted a consistent position that § 191 may only be enforced by § 218 fines, as Harmon claims. Specifically, in *Matter of Ikea U.S.*, the Commissioner imposed a penalty in a civil action for a violation of NYLL, which like § 191 is enforceable by either the commissioner or an employee by institution of a civil action, but it did not conclude that this made § 198(1-a) inapplicable. *See Phillips*, 153 N.Y.S.3d 750.

Additionally*, Skidmore* deference is unwarranted because the position imputed to the Commissioner/BIA by Harmon was "adopted in the course of litigation" rather than pursuant to statutory rule-making authority that gives thorough, "rigorous …[,] and public scrutiny" to the "interpretive question." *De La Mota v. US Dept. of Educ.*, 412 F.3d 71, 80 (2d Cir. 2005). Deference to an agency's statutory reasoning is also rejected by the New York courts because such analysis does not call for agency factfinding or enforcement expertise. *See Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation,* 18 N.Y.3d 289, 296, 938 N.Y.S.2d 266 (2011); *Kreitzer v. N.Y. City Dep't of Buildings*, 806 N.Y.S.2d 532, 533 (1st Dep't 2005); *Riverkeeper, Inc. v. Seggos,* 60 Misc. 3d 462, 478-79 (N.Y. Sup. Ct., Albany Cty. 2018). If a New York court would not defer to a New York commissioner or board (as *Vega* did not), there is less reason why this court should do so.

## III.    PLAINTIFFS HAVE ARTICLE III STANDING UNDER *TRANSUNION LLC* AND *ATLANTIC MUTUAL INSURANCE CO.*

### A.    Legislatures May Transform Previously Harmless Behavior Into Statutory Violations That Give Rise to Standing

As the Supreme Court explained in *Transunion LLC v. Ramirez*, a legislature "may elevate

to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." 141 S. Ct. 2190, 2204-5 (2021) (citations and internal quotation marks omitted). Thus, the 1,800 or more class members whose credit files that had been disclosed were not required to allege the specific ways they were harmed beyond the disclosure of inaccurate credit information. *Id.* at 2208. While the Court was referring to Congress in this passage, the statute at issue was federal, and the question it addressed also arises under other statutes. *Cf. id.* at 2218. Previously, the Court took judicial notice in *Atlantic Mutual Ins. v. Commissioner* of the basic accounting principle of the "time value" of money. 523 U.S. 382, 383 (1998). Courts in this circuit have read the Supreme Court's decisions in *Transunion LLC* and *Atlantic Mutual Insurance* as extending standing to intangible statutory harms, as well as harms relating to the time value of money. *See, e.g., Caul v. Petco Animal Supplies, Inc.,* No. 20-CV-3534 (RPK), 2021 U.S. Dist. LEXIS 184652, at *4 (E.D.N.Y. Sept. 27, 2021) (holding that the worker "loses the time value of the money"); *Porsch,* 380 F. Supp. 3d at 424-25(citing *Atl. Mut. Ins.* on the time value of money); *Scott,* 2019 U.S. Dist. LEXIS 61726 at *12 (similar).

In arguing that Plaintiffs lack standing, Harmon essentially urges this Court to hold that *all* of the federal district courts (both pre- and post- *Vega*) which have decided either *in favor of or against* a private right of action lacked the authority to decide the issue in the first instance. "Standing is a federal jurisdictional question." *Carver v. City of N.Y.*, 621 F.3d 221, 225 (2d Cir. 2010). Because jurisdiction is a "threshold issue" a court "may examine subject matter jurisdiction, sua sponte, at any stage of the proceeding." *MS v. Rye Neck Union Free Sch. Dist.*, No. 18-cv-8283 (NSR), 2019 U.S. Dist. LEXIS 79377, at *4 (S.D.N.Y. May 10, 2019). Therefore, *all* of the federal courts (both pre- and post- *Vega*) which have decided either in favor of or against a private right of action implicitly recognized that the plaintiff had standing to assert a claim for statutory

damages arising out of a violation of the NYLL.

Katerina has standing because her injury already occurred, it is connected to Harmon's conduct and policies, and this court by applying the NYLL can redress it. *See Amadei v. Nielsen*, 348 F. Supp. 3d 145, 157 (E.D.N.Y. 2018). As discussed above, where, as here, a 12(b)(1) motion to dismiss is based on the pleadings and reasonable inferences therefrom, and pleading a general allegation is read to embrace the specific factual allegations needed to support it after discovery. Katerina can meet her burden by with general factual allegations of injury resulting from a defendant's conduct and the court is required to accept all material allegations of the complaint as true and draw all reasonable inferences in Plaintiffs' favor. *See id.; Carter v. HealthPort Techs., L.L.C.*, 822 F.3d 47, 56-57 (2d Cir. 2016).

As to the first element, "[t]here is a 'low threshold' for establishing an injury in fact." *Amadei*, 348 F. Supp. 3d at 157. Here, Plaintiffs easily meet the low threshold. More particularly, Plaintiffs allege that they suffered an injury in fact in that they were deprived of the timely receipt and ability to use their money. Such injury is precisely the kind contemplated by the Courts when discussing Article III standing. Indeed, in *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424-25 (S.D.N.Y. 2019) the court expressly held

> [T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing. As the Honorable Richard Posner has observed, albeit in another context, "[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money." *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010). It is a basic principle of economics and accounting that "a dollar today is worth more than a dollar tomorrow." *Atl. Mut. Ins. Co. v. Comm'r*, 523 U.S. 382, 383, 118 S. Ct. 1413, 140 L. Ed. 2d 542 (1998) (citing D. Herwitz & M. Barrett, Acco*unting for Lawyers 221* (2d ed. 1997)). Whether described in terms of "interest" or "time value of money," this is a sufficient "injury in fact" to support Article III standing.

(emphasis added); *see also TransUnion L.L.C.*, 141 S. Ct. at 2200 (listing traditional harms).

In addition to pleading a violation of a NYLL § 191(1)(a), Plaintiffs have alleged that they were injured by being deprived of the timely receipt of and ability to use their pay. *See Van v. LLR, Inc.,* 962 F.3d 1160, 1164 (9th Cir. 2020) (holding that "the temporary deprivation of money gives rise to" standing and the loss of use of "money to which a party is entitled is a concrete injury"); *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018) (finding standing in a putative class action against Barnes & Noble after credit or debit card information had been exfiltrated from a payment system due to a loss in value of plaintiff's bank accounts "<u>even when banks later restore the principal</u>") (emphasis added).

A plaintiff who suffers a temporary deprivation of money has been injured, whether or not it is eventually paid. *Polanco v. NCO Portfolio Mgmt.*, 132 F. Supp. 3d 567, 589-90 (S.D.N.Y. 2015) (withholding of money due to another is conversion; fact it was ultimately paid "does not render the withholding not conversion."). "A claim for conversion will exist even when the deprivation is partial or temporary." *Slue v. New York Univ. Med. Ctr.*, 409 F. Supp. 2d 349, 364 (S.D.N.Y. 2006) (citing *Pierpoint v. Farnum*, 234 A.D. 205 (N.Y. App. Div. 1931)).

A statutory injury was recognized in *TransUnion*, 141 S. Ct. at 2204-5. The temporary withholding of wages has a "close relationship" to the common law tort of conversion and is therefore "concrete harm." *Id*. at 2204. *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (liquidated damages provisions of NYLL are "designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed."); *Caul*, 2021 U.S. Dist. LEXIS 184652. Plaintiffs' injury is concrete as opposed to merely hypothetical, like the emotional distress from a failure to file a mortgage satisfaction. *Cf. Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 61 (2d Cir. 2021). "Plaintiffs' injury comes from not receiving their earned pay weekly … and

thus it is the very delay that causes damage to that worker." *Scott*, 2019 U.S. Dist. LEXIS 61726 at *12. That "injury is especially acute for those workers 'who are generally dependent upon their wages for sustenance.'" *Caul*, 2021 U.S. Dist. LEXIS 184652, at *10

    **B.** **Plaintiff Was Not Required to Plead Specific Facts as to Her Spending, Bills, Obligations, Late Fees, Overdrafts, or Investments.**

Harmon's insistence that Plaintiffs had to plead "specific facts" is at odds with controlling case law that on a motion to dismiss. *Boykin v. KeyCorp*, 521 F. 3d 202, 213-14 (2d Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam)). That is because, under "the liberal pleading standards" of Rule 8(a), a complaint "need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson*, 127 S. Ct. 2200; *Twombly*, 550 U.S. at 555); *see TransUnion LLC*, 141 S. Ct. 2190 (2021) (not requiring specific harm allegations beyond the mere disclosure).

The cases Harmon cites are distinguishable and concerned persons who were not in the zone of interests covered by the statute. For example, in *Harty v. West Point Realty, Inc*., the plaintiff had not actually used the public accommodation which he alleged violated the Americans with Disabilities Act (ADA). 28 F.4th 435, 443 (2d Cir. 2022). Similarly, in *Amidax Trading Group v. SWIFT SCRL*, the plaintiff could not allege that its own financial information had been illegally wiretapped, which falls within the rule of *Lujan* that ignorance as to whether a law had been violated in the plaintiff's case defeats standing, because a conjectural violation of a statutorily protected interest does not suffice. 671 F.3d 140, 146 (2d Cir. 2011). These cases could not be further removed from one where, as here, the plaintiffs have <u>already</u> suffered from a statutory violation that the state has the power to sanction with a remedy. *See Scott*, 2019 U.S. Dis. LEXIS 61726 (citing *Epifani v. Johnson*, 882 N.Y.S.2d 234 (2009)).

There is no rule comparable to Rule 9(b) concerning pleading the time value of money with

particularity. *See Barnes & Noble*, 887 F.3d at 828 ("The fact that the federal rules do not require plaintiffs to identify items of loss (except for special damages) means that this complaint cannot be faulted as insufficient."). Rather, the bare-bones notice pleading standard for New York statutory claims applies. Litigants regularly allege that they lost the use of funds without having to specifically plead what they would have spent them on, let alone where and when. As discussed above, a judge in this Circuit held that "Whether described in terms of 'interest' or 'time value of money,' [the temporary deprivation of money] is a sufficient 'injury in fact' to support Article III standing." *Porsch,* 380 F. Supp. 3d at 425.

### C. **The Court May Take Judicial Notice That Being Paid a Week Late Causes Monetary and Intangible Injuries in the Ordinary Course.**

"Money later is not the same as money now," *Stephens v. U.S. Airway Group,* 644 F.3d 437 (D.C. Cir. 2011) (J. Kavanaugh) (noting that "Money has time value."). Judicial notice that a lack of timely payment inflicts monetary harm on a worker is appropriate. The Supreme Court took judicial notice of the time value of money in *Atlantic Mutual Ins. v. Commissioner*. Courts in this circuit have done the same. *See Caul,* 2021 U.S. Dist. LEXIS 184652 at *4; *Scott,* 2019 U.S. Dist. LEXIS 61726 at *12; *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424-25 (S.D.N.Y. 2019) (quoting *Atl. Mut. Ins. Co. v. Comm'r*, 523 U.S. 382, 383 (1998). The matter appears to be common knowledge, like the fact that a person with insufficient funds due to living paycheck to paycheck will be injured by incurring costs such as late fees, overdraft charges, and reduced access to sustenance and investment opportunities. *See U.S. v. Bari*, 599 F.3d 176, 180 (2d Cir. 2010)[4].

---

[4] See also *Otoe-Missouria Tribe v. N.Y. State Dep't of Fin. Servs.*, 974 F. Supp. 2d 353, 356 (S.D.N.Y. 2013), (noting that "payday" loans exploit "vulnerable" workers because "the crush of financial burdens causes people to agree to almost any conditions of the lender and to consent to even the most improvident loans.") (quoting *Schneider v. Phelps*, 41 N.Y.2d 238, 391 N.Y.S.2d 568, 572, 359 N.E.2d 1361 (1977)), aff'd, 769 F.3d 105, 108 (2d Cir. 2014) (noting that New York workers pay up to 912% for payday loans to carry them over to 'traditional 'payday' for most workers," leaving workers in "a hole" and "faltering").

Defendant does not seem to dispute that the premise of the NYLL is that wages "make their way into the economy and generate income and sales taxes." Def.'s Mem. at 18. These economic activities, incomes, and taxes are temporally defined and temporally sensitive. *See, e.g., Hart v Hart*, 227 AD 2d 698, 699 n. 3 (3d Dep't 1996); *Husband v. Wife*, 2007 NY Slip Op 31785 (N.Y. Sup. Ct., Broome Cty. Apr. 11, 2007 (child support obligation based on hourly pay "at the time" of the awards, and is payable each week); N.Y. Tax Law § 639 (2021) (state income tax accrues based on "period of residence" in New York). Moreover, an employer paying bi-weekly also delays the payment of tax amounts withheld to the State of New York. N.Y. Tax Law § 674(a)(1)("requiring the payment of taxes 3-5 business days after "the making of payroll").

It is common knowledge that delayed receipt of funds exposes accountholders to late fees and overdraft charges. Various laws provide late fees, overdraft charges, and pre-judgment interest based upon failing to pay obligations due to inadequate funds. *See In re HSBC Bank, USA, NA, Debit Card Overdraft Fee Litig.,* 1 F. Supp. 3d 34, 44-45 (E.D.N.Y. 2014) (citing Office of the Comptroller of the Currency regulations and interpretive letters regarding overdraft charges, including 12 C.F.R. § 7.4002(a)). Members of the public are charged with knowledge of the law. *See City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 455-56 (2d Cir. 2008). For these reasons, the fact that plaintiffs who were not paid in a timely manner when their wages were due were injured by exposure to late and overdraft/over-limit fees is common knowledge.

### D. Mootness Case Law Squarely Rejects Harmon's Claim That an Employee Who Is Paid Late Does Not Suffer an Article III Injury

Moreover, Harmon's assertion that a person who is only temporarily denied the use of money is not injured would have breathtaking implications for the impunity of statutory violators who come into compliance after a delay. If Harmon was right about money not having a general

value in terms of its timely receipt, a plaintiff suffering a wrongful withholding of wages would lack standing to pursue a claim for them if her employer attempted to moot her case by paying merely the lost wages – not including statutory damages or attorney's fees – on the eve of its motion to dismiss. This, of course, is not the law. *See, e.g., Leyse v. Lifetime Entmt. Servs., LLC,* 171 F. Supp. 3d 153, 154-55 (S.D.N.Y. 2016), *aff'd,* 679 Fed. App'x 44, 48 (2d Cir. 2017) (holding that an "offer for complete relief <u>does not moot a case</u>—that is, it does not strip the district court of jurisdiction over the case—such an offer, if rejected, may nonetheless permit a court to enter a judgment in the plaintiff's favor.") (emphasis added); *Perez-White v. Advanced Dermatology of New York, Inc.,* No. 15 Civ. 4858 (PGG), 2016 WL 4681221 (S.D.N.Y. Sept. 6, 2016) (holding failure to pay timely wages under NYLL not mooted by tendering "full relief").

A case is not rendered moot simply by offering partial relief such as actual but not statutory damages, or lost wages but not costs or fees. The plaintiff still has suffered a monetary injury, however small; no large injury is required to amount to an Article III case or controversy. *See Leyse,* 679 Fed. App'x 44. (citing, inter alia, *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.,* 725 F.3d 65, 105 (2d Cir. 2013)); *see also Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 819-21 (8th Cir. 2015).

## IV. <u>IMPOSING LIQUIDATED DAMAGES FOR FAILING TO PAY TIMELY WAGES DOES NOT VIOLATE DUE PROCESS</u>

### A. <u>Statutory and Liquidated Damages do Not Violate Due Process, as the Second Circuit has Held</u>

Harmon points to controlling case law in its brief, but does not concede its significance.[5]

---

[5] This omission is similar to how Harmon pointed to *Sw. Tel. & Tel. Co. v. Danaher,* concerning excessive penalties, which involved a very small sum, without disclosing how little was at stake in these cases. *See* Def.'s Mot. at 19 (citing *Sw. Tel. & Tel. Co. v. Danaher,* 238 U.S. 482, 491 (1915)); *compare Danaher,* 238 U.Sd. at 496 (involving less than $6 worth of disconnected telephone service and overcharge for service). At least Harmon did point out that only $3.02 was at issue in *Missouri Pacific Railway Co. v. Tucker. See* Def.'s Mot. at 20 (citing 230 U.S. 340,

*See* Def.'s Mem. at 19. Specifically, the Supreme Court in *St. Louis, I.M. & S.R. Co. v. Williams,* *251* U.S. 63 (1919), held that an Arkansas statute that imposed penalties in civil actions for overcharging passengers (in the case at hand, $75.00 in penalties for an overcharge of 66 cents) did not violate due process. Subsequent decisions by the Second Circuit and other federal courts have confirmed that a statutory damages award of the type sought from Harmon does not violate due process, whether it is compensatory or punitive in nature. *See Brown & Williamson Tobacco Corp. v. Engman, 52*7 F.2d 1115, 1119-20 (2d Cir. 1975) (penalty of $10,000 per violation under 15 U.S.C. § 45(l) did not violate due process despite being criticized by litigant as "debilitating or confiscatory," because Supreme Court recognized state power to impose "substantial" penalties for violation); *John Wiley & Sons, Inc. v. Book Dog Books, L.L.C.*, 327 F. Supp. 3d 606, 635-36 (S.D.N.Y. 2018) (statutory damage award of $34 million for infringing rights to books did not violate due process because factors relevant to due process analysis of jury punitive damages awards under in *BMW of North America Inc. v. Gore*, 517 U.S. 559, 570 (1995), do not apply to statutory damage awards); *see also Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115-17 (2d Cir. 1986) (value of copyright and revenue lost to plaintiff are highly relevant to amount of federal copyright statutory damages, but so are specific and general deterrence); *Zomba Enters. v. Panorama Records, Inc.*, 491 F.3d 574, 588 (6th Cir. 2007); *Book Dog Books,* 327 F. Supp. 3d at 633 ("'Because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits repeated by defendant....'") (citation and quotation marks omitted in original); *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002).

---

346 (1913)).

*Missouri P.R. Co. v. Tucker*, 230 U.S. 340, 346, 33 S. Ct. 961, 962 (1913) even if still good

law, does not support the defendant's position.  In *Tucker,* the Missouri Pacific Railroad Company

was sued for charging $3.08 in excess of the transportation charges set by the state.  Tucker sued

for the overcharge, and for a statutory penalty in the amount of $500 as permitted by the Kansas

statute.  The Supreme Court disapproved of the law because the statutory penalty had no

relationship to the overcharge.  The Court noted, "<u>It is not as if double or treble damages were

allowed, as often is done, and as we think properly could have been done here</u>*."  Id.* at 348, 33 S.

Ct. at 963 (emphasis added).  In other words, had the statute given Tucker the right to sue for the

overcharge, and even double or triple that amount, due process would not be violated.  Here, the

statute provides for liquidated damages equal to the delayed wages, and therefore, contrary to the

defendant's position, there is a direct relationship between the wages and the penalties.

Moreover, many of the concerns motivating due process review of juries' punitive damages

awards under *BMW* and its progeny do not apply to NYLL section 198(1-a).  *BMW* was concerned

with the lack of "fair notice" of the penalty to be imposed when juries arrived at "arbitrary" awards.

*State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 416-17 (2003) (quoting *BMW*,

517 U.S. at 562; *BMW*, 517 U.S. at 587 (Breyer, J., concurring).  Notice is not an issue however,

where the penalty is imposed by statute, whether the penalty be a fixed amount, or double or treble

damages.  *See St. Louis, I.M. & S. Ry. Co.*, 251 U.S. 63 (fifty dollars)[6]; *Brown & Williamson

Tobacco Corp.*, 527 F.2d at 1119-20 ($10,000); *see also State Farm,* 538 U.S. at 425 (*BMW*

acknowledged and did not attempt to disrupt "a long legislative history, dating back over 700 years

and going forward to today, providing for sanctions of double, treble, or quadruple damages to

deter and punish").  Even a statutory award, fixed in advance, of $30,000 for unlawfully

---

[6] Approximately $1,800.00 in 2022.

downloading or sharing a copyrighted song available for $0.99 or less, or $150,000 for selling an infringing university textbook likely worth less than $300, does not violate due process. *See Sony BMG Music Entm't v. Tenenbaum*, 719 F.3d 67, 70-71 (1ˢᵗ Cir. 2013); *Zomba Enters.,* 491 F.3d at 588; *Book Dog Books,* 327 F. Supp. 3d at 633-36.[7]

## B. The Supreme Court has Upheld Statutory Penalties Imposed Under Prior Iterations of NYLL § 191 Which Were More Than 100% of the Wages Delayed

In 1897, weekly earnings were $8.60 for brakemen and $13.80 for conductors in New York State.[8] In that same year, the NYLL provided that railroads pay "employees semimonthly and in cash." *Erie R. Co. v. Williams*, 233 U.S. 685, 697, 34 S. Ct. 761, 763 (1914). Statutory penalties were $50 for each violation. *See N.Y.C. & H.R.R. Co. v. Williams, 19*9 N.Y. 108, 113, 92 N.E. 404, 406 (1910). In other words, the penalty for late payment was between 360% of wages and 580% of the weekly wages, not 100% as required by the current version of the law.

As here, in *Erie R. Co.*, 233 U.S. at 699-700, 34 S. Ct. at 764, the employer challenged "the recovery of penalties for violations" of the timely payment provisions of the labor law. The

---

[7] Harmon also points to an Eighth Circuit case applying due process to a statutory damages award, but it does not support Harmon's position. The case upheld an award of $32 million or $10 per phone call in violation of the Telephone Consumer Protection Act, even though the vast majority of the calls were extremely brief or left on answering machines, causing no real damage. *See Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 950-51, 957, 962-63 (8th Cir. 2019) (quoting *St. Louis, I.M. & S.R. Co. v. Williams*, 251 U.S. 63, 67 (1919)). The court reaffirmed its prior decision that a litigant was not entitled to reduce a statutory damages award to some proportionate range in relation to "evidence of harm caused by her specific infringement." *Capitol Records*, 692 F.2d at 909. The Eighth Circuit reversed a district court decision that the plaintiffs were entitled to a maximum of $2,250 per song shared in an unauthorized manner by the defendant using Internet file-sharing software. *See id*. at 902-3, 909-10. The court in *Golan* therefore did not find that the $10 per call in damages, multiplied by millions of calls to $32 million, had to be tethered to the specific harm caused to the telephone owners. It did hold that a judgment in the billions might be shocking and violate due process, but that was because the defendant acted in good faith, halted its conduct after about a week, and its conduct in violation of law was measurable in mere seconds. None of those factors is present here.

[8] Calculated by multiplying the average daily rate earned x 5, as reported in History of Wages in the United States From Colonial Times to 1928: Bulletin of the United States Bureau of Labor Statistics, No. 499, at 260.

Supreme Court described the employer's grievance as follows:

> [The NYLL] requires semi-monthly payments. [The railroad] now pays monthly. The extent of its grievance, therefore, is two payments a month instead of one, with the consequence of expense and inconvenience. It is hardly necessary to say that cost and inconvenience (different words, probably, for the same thing) would have to be very great before they could become an element in the consideration of the right of a State to exert its reserved power or its police power.

*Id.* at 700, 34 S. Ct. at 764.[9]

## C. New York May Authorize Liquidated Damages in the Amount of Wages Delayed

While the wording of the FLSA and NYLL liquidated damages provisions are not identical, there are no meaningful differences, and both are designed "to deter wage-and-hour violations in a manner calculated to compensate the party harmed."[10] *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). The Supreme Court has held that "the exaction" of liquidated damages is not "violative of due process." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 584 (1942). Under both the NYLL and the FLSA, employees may be entitled to liquidated damages for "a short delay in the payment of their wage." *Martin v. United States*, 117 Fed. Cl. 611, 616 (2014). However, under Harmon's argument, a case for liquidated damages under the FLSA where all wages have been

---

[9] *Erie* is even more compelling because it was "decided during the *Lochner* era *(see Lochner v. New York*, 198 U.S. 45 (1905)) in which the Supreme Court used the substantive due process doctrine to void economic or social legislation aimed at private companies[.]" *Rochester Gas & Elec. Corp. v. Pub. Serv. Com., 71* N.Y.2d 313, 323, 525 N.Y.S.2d 809, 814, 520 N.E.2d 528, 533 (1988). However, "[t]hat theory of substantive due process was 'relegated to obscurity in *Nebbia v. New York*, 291 U.S. 502 (1934).'" *Id.* at 323 (citation omitted)). "After *Nebbia*, even private corporations may be deemed affected with a public interest and subjected to reasonable regulation under the State's police power." *Id.*

[10] Plaintiff is aware of the Court's doubt that liquidated damages under the FLSA and the NYLL are truly compensatory. *Yun Hong Hua v. Eight Star, Inc.*, No. 15 Civ. 0275 (BMC), 2015 U.S. Dist. LEXIS 64062, at *4-6 (E.D.N.Y. May 14, 2015) ("[N]o one (except perhaps a distressed debt purchaser) gets a 100% return on past due obligations, so if liquidated damages are intended to compensate for lost interest, that is quite an extraordinary rate of return on the unpaid wages."). The Court further observed that the fact that an employer can assert a "good faith defense" to liquidated damages under the FLSA (29 U.S.C. § 260), and the NYLL (§ 198(1-a)) suggests that liquidated damages are penalties rather than compensatory damages.

paid would also violate due process.

But even assuming that liquidated damages under the New York Labor Law would be treated as punitive for purposes of the Due Process Clause, *cf. Rana*, 887 F.3d at 123 (describing "an award of liquidated damages" under the NYLL as having "dual punitive and compensatory effects"), they are nevertheless constitutional. Whether a plaintiff may recover a statutory penalty arising under New York Law was addressed squarely by the Supreme Court in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). In *Shady Grove,* the plaintiffs commenced a class action to recover amounts that were purely statutory penalties. The Court held that recovery of a pure statutory penalty was proper in a class action brought in federal court even in the absence of actual damages. *Id.*[11]

Congress left room for the states to, as is the case here, enact more protective labor laws. *See* 29 U.S.C. § 218. "The intent of § 218(a) is to require employers to abide by state law[.]" *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 308 n.3 (S.D.N.Y. 1998); see *Monahan v. Smyth Auto., Inc.*, 10-CV-00048, 2011 U.S. Dist. LEXIS 9877, at *12 (S.D. Ohio Feb. 2, 2011) ("The FLSA's savings clause expressly allows states to craft wage and hour statutes and regulations apart from the FLSA. This savings clause reflects Congress' intention that the FLSA should be seen to supplement, not supplant, state statutes."). In this case the state has enacted a more protective statute, as <u>explicitly authorized by Congress</u>, requiring the payment of wages on a weekly basis, and (similar to the FLSA) permitting recovery of liquidated damages equal to the delayed wages.

### D. Harmon's Argument Regarding Penalties to be Imposed are Premature

Harmon concedes that New York's weekly pay requirement has existed for more than 130

---

[11] While the dissent expressed concern that "combining class actions and statutory penalties could result in annihilating punishment of the defendant", not a single member of the Court raised due process concerns.

years, and offers no explanation for non-compliance. However, Harmon may assert, as a complete

defense to liquidated damages, that it had a "good faith basis for believing that…[it] was in

compliance with the law." NYLL 198(1-a). [12] Therefore, Harmon's challenge is merely

anticipatory and premature.

> At this stage of the case, there has been no liquidated damages award, and there is
> no record on which to assess whether an award would be excessive in light of "the
> degree of reprehensibility of the defendant's misconduct," "the disparity between
> the actual or potential harm suffered by the plaintiff and the punitive damages
> award," and the difference between the punitive damages awarded . . . and the civil
> penalties authorized or imposed in comparable cases.

*Rodrigue v. Lowe's Home Ctrs., LLC*, No. 20-CV-1127 (RPK) (RLM), 2021 U.S. Dist. LEXIS

162849, at *15-16 (E.D.N.Y. Aug. 27, 2021)(citing *Thomas v. iStar Financial, Inc.*, 652 F.3d 141,

149 (2d Cir. 2010) (describing the Supreme Court's three "'guideposts' for courts reviewing

[punitive damages] awards")).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Defendant's motion to

dismiss be denied. However, to the extent that the Court takes issue with the complaint and adopts

a new standard, then any dismissal should be without prejudice and leave to amend should be

granted to permit Plaintiffs to conform it to the new standard.

Dated: July 27, 2022 _____/s/_____
      Carle Place, NY              Jeffrey K. Brown, Esq.
                                    **LEEDS BROWN LAW, P.C.**
                                    -&-
                                    Steven John Moser, Esq.
                                    **MOSER LAW FIRM, P.C.**

                                *Attorneys for Plaintiff and Putative Class*

---

[12] "Statutes prescribing significant penalties for violators are not *per se* unconstitutional[.] Rather, if a party challenging a penalty in 'good faith' may not be penalized, then the statute may be constitutional[.]" *GE v. Jackson*, 595 F. Supp. 2d 8, 17 (D.D.C. 2009) (citing *Reisman v. Caplin, 375 U.S. 440, 446-47, 84 S. Ct. 508, 11 L. Ed. 2d 459, 1964-1 C.B.* 517 (1964)).