EPSTEIN
BECKER
GREEN

Attorneys at Law

Jeffrey H. Ruzal
t 212.351.3762
f 212.878.8600
JRuzal@ebglaw.com

August 29, 2022

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Supplemental Authority in Support of Defendant's Motion to Dismiss**
*Katerina Georgiou v. Harmon Stores, Inc.*
2:22-cv-02861-BMC

Dear Judge Cogan:

I write on behalf of Defendant Harmon Stores, Inc. ("Harmon") to provide the Court with supplemental authority in support of Harmon's motion to dismiss (ECF No. 12). On August 25, 2022, Judge Azrack ordered a plaintiff in another New York Labor Law § 191 putative class action to "file an amended complaint alleging additional facts that establish Article III standing." *See* Order, *Jackson v. Ferguson Enterprises, LLC*, No. 2:22-cv-03372-JMA-ST (Aug. 25, 2022).[1] In issuing that order, Judge Azrack ostensibly found the plaintiff's bald assertions of harm based on the alleged loss of "the time value of money" insufficient to satisfy Article III's injury-in-fact requirement. *See* Complaint, *Jackson v. Ferguson Enterprises, LLC*, No. 2:22-cv-03372-JMA-ST (June 7, 2022) ("Every time that Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendant deprived him of the use of money that belonged to him. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money."). Thus, the order shows that generalizations of harm based on the time value of money—whether the plaintiff alleges them

[1] The full text of the order is as follows:

> ORDER denying 9 Motion for Pre Motion Conference. Defendant's request to file a motion to dismiss is denied at this time. By September 8, 2022, Plaintiff shall file an amended complaint alleging additional facts that establish Article III standing. In addition, Plaintiff shall file a redline comparison against the current complaint (ECF No. 1 ). Ordered by Judge Joan M. Azrack on 8/25/2022. (Patterson, Samuel) (Entered: 08/25/2022)

August 29, 2022
Page 2

in the complaint, as the plaintiff did in *Jackson*, or the plaintiff requests that the court take judicial notice of them, as Plaintiff Katerina Georgiou asks here—fail to satisfy a plaintiff's burden to "allege facts affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)). Because Georgiou's Complaint lacks such allegations, the Court should dismiss it.

                                                                            Respectfully Submitted,

                                                                            */s/ Jeffrey H. Ruzal*
                                                                            Jeffrey H. Ruzal

cc: all counsel of record (via ECF)