UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATERINA GEORGIOU, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>      v.<br><br>HARMON STORES, INC.,<br><br>         Defendant. | Case No. 2:22-cv-02861-BMC |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

  Defendant Harmon Stores, Inc. ("Harmon"), by and through its attorneys, answers Plaintiff Katerina Georgiou's ("Georgiou") Complaint based on the information currently available to it as follows:

**AS TO NATURE OF THE ACTION**

  1.  Harmon makes no response to the allegations in paragraph 1 of the Complaint because they merely contain Georgiou's description of this action. To the extent those allegations require a response, Harmon denies them insofar as they state or imply that Harmon engaged in any conduct giving rise to a claim for relief.

  2.  Harmon makes no response to the allegations in paragraph 2 of the Complaint because they are conclusions of law and therefore do not require a response.

  3.  Harmon admits the allegations in paragraph 3 of the Complaint.

  4.  Harmon makes no response to the allegations in paragraph 4 of the Complaint because they are conclusions of law and therefore do not require a response.

  5.  Harmon denies the allegations in paragraph 5 of the Complaint.

6. Harmon makes no response to the allegations in paragraph 6 of the Complaint because they merely contain Georgiou's demand for relief in this action. To the extent those allegations require a response, Harmon denies them insofar as they state or imply that Harmon engaged in any conduct giving rise to a claim for relief.

## AS TO JURISDICTION AND VENUE

7. Harmon makes no response to the allegations in the first sentence of paragraph 7 of the Complaint because they are conclusions of law and therefore do not require a response. Harmon denies the allegations in the second sentence of paragraph 7 of the Complaint.

8. Harmon makes no response to the allegations in the first sentence of paragraph 8 of the Complaint because they are conclusions of law and therefore do not require a response. To the extent those allegations require a response, Harmon denies them insofar as they state or imply that Harmon engaged in any conduct giving rise to a claim for relief. Harmon denies the allegations in the second sentence of paragraph 8 of the Complaint.

9. Harmon makes no response to the allegations in paragraph 9 of the Complaint because they are conclusions of law and therefore do not require a response. To the extent those allegations require a response, Harmon denies them insofar as they state or imply that Harmon engaged in any conduct giving rise to a claim for relief.

## AS TO PARTIES

10. Harmon admits the allegations in the first two sentences of paragraph 10 of the Complaint. Harmon denies the remaining allegations in paragraph 10 of the Complaint.

11. Harmon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11 of the Complaint. Harmon denies the remaining allegations in paragraph 11 of the Complaint.

## AS TO CLASS ACTION ALLEGATIONS

12. Harmon makes no response to the allegations in paragraph 12 of the Complaint because they merely describe what Georgiou "seeks." To the extent those allegations require a response, Harmon denies them insofar as they state or imply that Harmon engaged in any conduct giving rise to a claim for relief or that class treatment is appropriate in this case.

13. Harmon makes no response to the allegations in paragraph 13 of the Complaint because they are conclusions of law and therefore do not require a response. To the extent those allegations require a response, Harmon denies them, except that Harmon lacks knowledge or information sufficient to form a belief as to what is "unknown" to Georgiou.

14. Harmon makes no response to the allegations in paragraph 14 of the Complaint because they are conclusions of law and therefore do not require a response. To the extent those allegations require a response, Harmon denies them.

15. Harmon makes no response to the allegations in paragraph 15 of the Complaint because they are conclusions of law and therefore do not require a response. To the extent those allegations require a response, Harmon denies them.

16. Harmon makes no response to the allegations in paragraph 16 of the Complaint because they are conclusions of law and therefore do not require a response. To the extent those allegations require a response, Harmon denies them, except that Harmon lacks knowledge or information sufficient to form a belief as to what Georgiou "intends."

17. Harmon makes no response to the allegations in paragraph 17 of the Complaint because they are conclusions of law and therefore do not require a response. To the extent those allegations require a response, Harmon denies them.

## AS TO CLAIMS FOR RELIEF

### AS TO COUNT I

18. Harmon incorporates its responses to paragraphs 1 through 17 of the Complaint as if fully set forth here.

19. Harmon makes no response to the allegations in paragraph 19 of the Complaint because they are conclusions of law and therefore do not require a response. To the extent those allegations require a response, Harmon denies them.

20. Harmon denies the allegations in paragraph 20 of the Complaint.

21. Harmon denies the allegations in paragraph 21 of the Complaint.

## AS TO PRAYER FOR RELIEF

Harmon denies that Georgiou is entitled to any relief in this matter, including, but not limited to, the relief she seeks in subdivisions (a) through (f) of the "WHEREFORE" clause of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, production, or persuasion that it does not already bear under applicable law, and without an admission of liability or fault any kind, Harmon states the following non-exclusive and non-exhaustive affirmative and other defenses to Georgiou's claims, and to the extent applicable, any putative class member's claims in the event the Court certifies the putative class:

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. The applicable statute of limitations bars Georgiou's claims in whole or in part.

3. The doctrines of laches, waiver, estoppel, and/or consent bar Georgiou's claims in whole or in part.

4. The doctrine of *de minimis non curat lex* bars Georgiou's claims.

5. The doctrine of payment bars Georgiou's claims.

6. The Due Process Clause of the Fourteenth Amendment to the United States Constitution bars Georgiou's recovery of any damages, including, but not limited to, liquidated damages, in whole or in part.

7. Liquidated damages in the amount of 100% of Georgiou's allegedly late-paid wages is not the proper measure of damages.

8. Any claim for relief based on Harmon's alleged conduct after it changed its payroll cycle for hourly employees in New York from biweekly to weekly in or around November 2020 fails as a matter of law.

9. Harmon had a good-faith and reasonable basis for believing that its payroll practices at issue were in compliance with the law.

10. Harmon denies that Georgiou has suffered any loss, damage, or injury of any kind or character.

11. Georgiou cannot establish a causal connection between any alleged damages and any alleged improper conduct by Harmon.

12. Upon information and belief, although Georgiou, in the exercise of reasonable diligence, could have mitigated any alleged monetary damage to herself, she failed to exercise such diligence and failed to mitigate such alleged monetary damages. Such failures bar Georgiou's recovery and/or claims.

13. Georgiou cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, and therefore, the Court should strike and/or dismiss the class allegations in the Complaint.

14. Georgiou is not an adequate representative of the alleged putative class members for purposes of satisfying Rule 23.

15. This case is not appropriate for class certification under Rule 23 because Georgiou's claims are not common or typical of the claims of the alleged putative class.

16. This case is not appropriate for class certification under Rule 23 because the facts and law common to the case are insignificant compared to the individual facts and issues particular to Georgiou and the alleged putative class members, and thus, common issues do not predominate over individualized issues.

17. This case is not appropriate for class certification under Rule 23 because Georgiou cannot demonstrate that the class is so numerous that joinder of all putative members is impracticable.

18. Class action treatment is not superior to other available methods for the fair and efficient adjudication of Georgiou's and the putative class members' claims.

19. To the extent putative class members signed a valid release of claims, it bars their claims in this action.

## RESERVATION OF RIGHTS

In addition to the affirmative and other defenses above, Harmon reserves its rights to amend its responses to the allegations in the Complaint and assert any legal and/or equitable defenses that it may discover during the course of its investigation, discovery, and/or trial.

**WHEREFORE**, Harmon denies every allegation in Georgiou's Complaint, except as expressly admitted or qualified above. The Court should enter judgment on Georgiou's Complaint in Harmon's favor, dismiss it with prejudice, require Georgiou to pay Harmon the costs and attorneys' fees it incurred in defending this action, and award Harmon such other relief as the Court may deem just and proper.

New York, New York
January 19, 2023

EPSTEIN BECKER & GREEN, P.C.

By: /s/ *Jeffrey H. Ruzal*

Jeffrey H. Ruzal
875 Third Avenue
New York, New York 10022
Tel: 212.351.4500
Fax: 212.878.8600
jruzal@ebglaw.com

Francesco A. DeLuca
125 High Street, Suite 2114
Boston, Massachusetts 02110
Tel: 617.603.1100
Fax: 617.249.1573
fdeluca@ebglaw.com

*Attorneys for Defendant Harmon Stores, Inc.*